## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

EDWIN CONTRERAS
c/o 519 H Street NW
Washington, DC 20001,

       *Plaintiff,*

    v.

BUSBOYS, INC.
d/b/a/ BUSBOY AND POETS
450 K Street NW
Washington, DC 20001

14TH & V, INC.
d/b/a BUSBOYS AND POETS
2021 14th Street NW
Washington, DC 20009

ANAS SHALLAL
a/k/a ANDY SHALLAL
1831 Kalorama Road NW
Washington, DC 20009,

       *Defendants*.

Civil Action No. 1:20-cv-2154

## NOTICE OF REMOVAL

Defendants, BUSBOYS, Inc., 14th & V, Inc., and Anas Shallal (collectively the "Defendants"), by counsel, hereby file this Notice of Removal, and pursuant to 28 U.S.C. §§ 1441 and 1446, hereby removes this civil action to this Court from the Superior Court of the District of Columbia, and says:

1. On or about July 6, 2020, Plaintiff, Edwin Contreras ("Plaintiff") filed a Complaint (the "Complaint") against the Defendants in the Superior Court of the District of Columbia, identified as Civil Action No. 2020-CA-002987B.

1

2.     On or about July 17, 2020, the Complaint was served on the Defendants.

3.     The Complaint alleges three counts involving failure to pay wages and overtime wages in violation of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq*.

4.     This Notice of Removal is filed with the United States District Court for the District of Columbia, within thirty (30) days of service upon Defendants of the initial pleading setting forth the claim for relief upon which said action is based, as required by 28 U.S.C. § 1446(b).  The documents attached hereto as Exhibit "A" constitute all of the process, pleadings (as defined by Fed. R. Civ. P. 7), documents and orders served on Defendants in this action to date, as required by 28 U.S.C. § 1446(a), and Exhibit B, a Standing Order.

5.     The United States District Court for the District of Columbia is the District Court having jurisdiction over the place where the court action is pending, pursuant to 28 U.S.C. § 88.

6.     The Plaintiff alleges a federal cause of action pursuant to a federal statute, 29 U.S.C. § 201 *et seq.*

7.     A copy of this Notice has been filed with the Clerk of the Superior Court of the District of Columbia, as required by 28 U.S.C. § 1446(d).

Respectfully Submitted,

BUSBOYS, INC.

14TH & V, INC.

ANAS SHALLAL

BY COUNSEL


_____/s/_____
Timothy M. McConville, Esq.
D.C. Bar No. 1015787
PRAEMIA LAW, PLLC
11710 Plaza America Drive, Suite 2000
Reston, Virginia 20190
(703) 624-1776 (telephone)
(703) 399-3603 (facsimile)
timothy.mcconville@praemialaw.com
*Counsel for Defendants BUSBOYS, Inc.,*
*14th &V, Inc., and Anas Shallal*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this **Notice of Removal** was served on August 7, 2020, by First Class U.S. Postage to Justin Zelikovitz, Esq., Counsel for Plaintiff Edwin Contreras, at DC Wage Law, 519 H Street, NW, Washington, D.C. 20001 and also transmitted to him via electronic mail at justin@dcwagelaw.com.

_____/s/_____
Timothy M. McConville, Esq.
D.C. Bar No. 1015787
PRAEMIA LAW, PLLC
11710 Plaza America Drive, Suite 2000
Reston, Virginia 20190
(703) 624-1776 (telephone)
(703) 399-3603 (facsimile)
timothy.mcconville@praemialaw.com
*Counsel for Defendants BUSBOYS, Inc.,*
*14th &V, Inc., and Anas Shallal*

# Exhibit A

## Index for Exhibit A, Notice of Removal

**Title**………………………………………………………………...……………**Page**

1. Superior Court of the District of Columbia Civil Division-Civil Actions Branch
   Information Sheet……………………………………………………………………1

2. Initial Order and Addendum…………………………………………………………3

3. Complaint……………………………………………………………………………5

4. Summons to 14th & V, Inc……………………………………….……………………15

5. Letter from Justin Zelkovitz, Esq. to 14th & V, Inc…………………………………...16

6. Plaintiff's First Set of Interrogatories to Defendant 14th & V, Inc………………………17

7. Plaintiff's First Set of Requests for Production of Documents to Defendant 14th & V,
   Inc……………………………………………………………………………………..26

8. Summons to Anas Shallal…………………………………………….……………………32

9. Letter from Justin Zelkovitz, Esq. to Anas Shallal…………………………...….…...33

10. Plaintiff's First Set of Interrogatories to Defendant Anas Shallal………………………34

11. Plaintiff's First Set of Requests for Production of Documents to Defendant Anas
    Shallal…………………………………………………………………………....42

12. Summons to Busboys, Inc……...……………………………………………………49

13. Letter from Justin Zelkovitz, Esq. to Busboys, Inc……………….……………………50

14. Plaintiff's First Set of Interrogatories to Defendant Busboys, Inc…………………....51

15. Plaintiff's First Set of Requests for Production of Documents to Defendant Busboys,
    Inc…………………………………………………………………….……..60

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

EDWIN CONTRERAS      Case Number: _____

vs      Date: _____

BUSBOYS, INC., et al.      ☐ One of the defendants is being sued
in their official capacity.

| Name: *(Please Print)*    JUSTIN ZELIKOVITZ, ESQ. | Relationship to Lawsuit |
|---|---|
| Firm Name:    **DCWageLaw** | ☒ Attorney for Plaintiff |
| Telephone No.:    Six digit Unified Bar No.:<br>202-803-6083        986001 | ☐ Self (Pro Se)<br>☐ Other: _____ |

TYPE OF CASE: ☒ Non-Jury      ☐ 6 Person Jury      ☐ 12 Person Jury

Demand:$ 164,074.38 ___      Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____ Judge: _____ Calendar #:_____

Case No.:_____ Judge: _____ Calendar#:_____

---

**NATURE OF SUIT:**      *(Check One Box Only)*

**A. CONTRACTS**            **COLLECTION CASES**

| | | |
|---|---|---|
| ☒ 01 Breach of Contract (Statutory Wage Claim) | ☐ 14 Under $25,000 Pltf. Grants Consent | ☐ 16 Under $25,000 Consent Denied |
| ☐ 02 Breach of Warranty | ☐ 17 OVER $25,000 Pltf. Grants Consent | ☐ 18 OVER $25,000 Consent Denied |
| ☐ 06 Negotiable Instrument | ☐ 27 Insurance/Subrogation | ☐ 26 Insurance/Subrogation |
| ☐ 07 Personal Property |      Over $25,000 Pltf. Grants Consent |      Over $25,000 Consent Denied |
| ☐ 13 Employment Discrimination | ☐ 07 Insurance/Subrogation | ☐ 34 Insurance/Subrogation |
| ☐ 15 Special Education Fees |      Under $25,000 Pltf. Grants Consent |      Under $25,000 Consent Denied |
| | ☐ 28 Motion to Confirm Arbitration<br>     Award (Collection Cases Only) | |

**B. PROPERTY TORTS**

| | | |
|---|---|---|
| ☐ 01 Automobile | ☐ 03 Destruction of Private Property | ☐ 05 Trespass |
| ☐ 02 Conversion | ☐ 04 Property Damage | |
| ☐ 07 Shoplifting, D.C. Code § 27-102 (a) | | |

**C. PERSONAL TORTS**

| | | |
|---|---|---|
| ☐ 01 Abuse of Process | ☐ 10 Invasion of Privacy | ☐ 17 Personal Injury- (Not Automobile, Not Malpractice) |
| ☐ 02 Alienation of Affection | ☐ 11 Libel and Slander | ☐ 18 Wrongful Death (Not Malpractice) |
| ☐ 03 Assault and Battery | ☐ 12 Malicious Interference | ☐ 19 Wrongful Eviction |
| ☐ 04 Automobile- Personal Injury | ☐ 13 Malicious Prosecution | ☐ 20 Friendly Suit |
| ☐ 05 Deceit (Misrepresentation) | ☐ 14 Malpractice Legal | ☐ 21 Asbestos |
| ☐ 06 False Accusation | ☐ 15 Malpractice Medical (Including Wrongful Death) | ☐ 22 Toxic/Mass Torts |
| ☐ 07 False Arrest | ☐ 16 Negligence- (Not Automobile, Not Malpractice) | ☐ 23 Tobacco |
| ☐ 08 Fraud | | ☐ 24 Lead Paint |

SEE REVERSE SIDE AND CHECK HERE      IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants
  (DC Code § 11-941)
- ☐ 10  Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment

- ☐ 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify,
  Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
  Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- ☐ 21 Petition for Subpoena
  [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1)
  (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D.  REAL PROPERTY**

- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)

- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

_____/s/ Justin Zelikovitz_____

Attorney's Signature

_____6/30/2020_____

Date

CV-496/ June 2015



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Telephone: (202) 879-1133 • Website: www.dccourts.gov**

EDWIN CONTRERAS
   Vs.                                       C.A. No.     2020 CA 002987 B
BUSBOYS, INC. et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum.  As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order.  Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Robert E. Morin

Case Assigned to: Judge WILLIAM M JACKSON
Date:  July 6, 2020
Initial Conference: 9:30 am, Friday, October 02, 2020
Location:  Courtroom 219
              500 Indiana Avenue N.W.
              WASHINGTON, DC 20001

# ADDENDUM TO INITIAL ORDER AFFECTING
# ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief   Judge   Robert   E.   Morin

Filed
D.C. Superior Court
07/02/2020 13:58PM
Clerk of the Court

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### (Civil Actions Branch)

EDWIN CONTRERAS
c/o 519 H Street NW
Washington, DC 20001

      Plaintiff,

v.

BUSBOYS, INC.
d/b/a BUSBOYS AND POETS
450 K Street NW
Washington, DC 20001

14TH & V, INC.
d/b/a BUSBOYS AND POETS
2021 14th Street NW
Washington, DC 20009

ANAS SHALLAL
a/k/a ANDY SHALLAL
1831 Kalorama Road NW
Washington, DC 20009

      Defendants.

Civil Action No. _____

## COMPLAINT

1.      Defendants own and operate Busboys and Poets, a popular restaurant with multiple

branches in the District of Columbia. Defendants employed Plaintiff at two branches: "450K"

and "14th & V." Across these two branches, Plaintiff regularly worked sixty-five and a half

hours per week. However, Defendants did not pay him overtime wages for his overtime hours.

2.      Plaintiff brings this action against Busboys, Inc.; 14th & V, Inc.; and Anas Shallal ("De-

fendants") to recover damages for Defendants' willful failure to pay overtime wages, in violation

of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia

Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

## Jurisdiction and Venue

3.      Subject matter jurisdiction is proper pursuant to D.C. Code § 11-921.

4.      Personal jurisdiction is proper because Defendants are organized under the laws of the District of Columbia, maintain their principal place of business in the District of Columbia, are domiciled in the District of Columbia, or have transacted business in the District of Columbia from which Plaintiff's claims arise. D.C. Code §§ 13-422–3.

5.      Venue is proper pursuant to D.C. Code § 13-425.

## Parties

6.      Plaintiff Edwin Contreras is an adult resident of the District of Columbia.

7.      Defendant Busboys, Inc. is a District of Columbia corporate entity. It does business as Busboys and Poets. Its principal place of business is located at 450 K Street NW, Washington, DC 20001. Its registered agent for service of process is Professional Registered Agents, Inc., 2600 Virginia Avenue NW, Suite 1112, Washington, DC 20037.

8.      Defendant 14th & V, Inc. is a District of Columbia corporate entity. It does business as Busboys and Poets. Its principal place of business is located at 2021 14th Street NW, Washington, DC 20009. Its registered agent for service of process is Professional Registered Agents, Inc., 2600 Virginia Avenue NW, Suite 1112, Washington, DC 20037.

9.      Defendant Anas Shallal is an adult resident of the District of Columbia. He resides at 1831 Kalorama Road NW, Washington, DC 20009. He is an owner and officer of Defendant Busboys, Inc. and 14th & V, Inc. He exercises control over the operations of Busboys, Inc. and 14th & V, Inc. — including their pay practices.

2

10.     Under the direction of Defendant Anas Shallal, Defendants operate the Busboys and Poets branches as though it were one business.

11.     At all relevant times, Defendants had multiple employees, including Plaintiff, working concurrently at two or more Busboys and Poets branches.

12.     At all relevant times, Defendants coordinated the schedules of Plaintiff and his coworkers so as not to cause a conflict with any staffing needs of "450K" and "14th & V".

13.     At all relevant times, Defendants required Plaintiff to wear the same uniform at both Busboys and Poets branches.

14.     At all relevant times, Defendants purchased food and materials that were distributed between both Busboys and Poets branches where Plaintiff worked.

15.     At all relevant times, Defendants offered customers the same menu and services at both the 450K and 14th & V branches.

16.     At all relevant times, Defendants did not operate the 450K and 14th & V branches as competitors. Rather, Defendants' branches promoted each other and worked together.

**Factual Allegations**

17.     Defendants own and operate the restaurants known as Busboys and Poets, including a branch at 450 K Street NW, Washington, DC 20001 ("450K"), and a branch at 2021 14th Street NW, Washington, DC 20009 ("14th & V").

18.     Plaintiff worked at 450K from approximately 2010 through approximately December 21, 2019.

19.     Plaintiff worked at 14th & V from approximately 2012 through approximately November 30, 2017.

20.     Plaintiff worked simultaneously at both branches from approximately 2012 through approximately November 30, 2017.

3

21. At all relevant times, Plaintiff worked at Busboys and Poets as a kitchen laborer.

22. At all relevant times, Plaintiff's job duties at Busboys and Poets primarily consisted of preparing and cooking food by manning the grill station, pasta station, and pizza station.

23. Plaintiff typically and customarily worked sixty-five and a half hours between both restaurants.

24. Plaintiff typically and customarily worked the following schedule at 450K:

|  | Start Time | End Time | Break Time | Hours Worked |
|---|---|---|---|---|
| Monday | 10:00 a.m. | 4:00 p.m. | – | 6.0 |
| Tuesday | 10:00 a.m. | 4:00 p.m. | – | 6.0 |
| Wednesday | 10:00 a.m. | 4:00 p.m. | – | 6.0 |
| Thursday | 10:00 a.m. | 4:00 p.m. | – | 6.0 |
| Friday | *Off* | | | |
| Saturday | *Off* | | | |
| Sunday | *Off* | | | |
| | | | | **24.0 hours total** |

25. From approximately March 1, 2017 through November 30, 2017, Plaintiff typically and customarily worked the following schedule at 14th & V:

|  | Start Time | End Time | Break Time | Hours Worked |
|---|---|---|---|---|
| Monday | *Off* | | | |
| Tuesday | 4:30 p.m. | 1:00 a.m. | – | 8.5 |
| Wednesday | *Off* | | | |
| Thursday | *Off* | | | |
| Friday | 4:00 p.m. | 2:00 a.m. | – | 10.0 |
| Saturday | 2:00 p.m. | 2:00 a.m. | – | 12.0 |
| Sunday | 2:00 p.m. | 1:00 a.m. | – | 11.0 |
| | | | | **41.5 hours total** |

26. At all relevant times, Defendants paid Plaintiff by the hour.

27. For approximately the last year of his employment, Defendants paid Plaintiff $15.00 per hour.

28. At all relevant times, Defendants paid Plaintiff by check or direct deposit.

4

29.     While he worked concurrently at 450K and 14th & V, Plaintiff typically and customarily worked more than forty hours per workweek for Defendants.

30.     For purposes of calculating overtime, Defendants did not use the aggregate hours Plaintiff worked between the 450K and 14th & V branches.

31.     As a result, Defendants did not pay Plaintiff overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

32.     Defendants owe him approximately $39,000.00 in overtime wages (excluding liquidated damages).

33.     Upon information and belief, Defendant Anas Shallal signed Plaintiff's paychecks.

34.     Upon information and belief, Defendant Anas Shallal has participated in decision(s) to hire management at the 450K and 14th & V branches.

35.     Upon information and belief, Defendant Anas Shallal has participated in decision(s) to fire management at the 450K and 14th & V branches.

36.     Upon information and belief, Defendant Anas Shallal has participated in decision(s) to set hourly wage rates at the 450K and 14th & V branches.

37.     Upon information and belief, Defendant Anas Shallal has participated in decision(s) to set hours of operations at the 450K and 14th & V branches.

38.     Upon information and belief, Defendant Anas Shallal participated in the decision(s) to allow Plaintiff to work concurrently at the 450K and 14th & V branches.

39.     Upon information and belief, Defendant Anas Shallal receives notifications concerning the 450K and 14th & V branches at his email address: andy@busboysandpoets.com.

40.     Upon information and belief, Defendant Anas Shallal sends instructions concerning operations at the 450K and 14th & V branches from his email address: andy@busboysandpoets.com.

5

41. At all relevant times, Defendants had the power to hire and fire Plaintiff.

42. At all relevant times, Defendants had the power to control Plaintiff's work schedule.

43. At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

44. At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

45. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times his regular hourly rate for all hours worked in excess of forty hours in any one workweek.

46. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to him.

47. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

48. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

49. At all relevant times, Defendants had employees who handled food products, such as chicken, beef, or vegetables, that had been raised or grown outside of the District of Columbia.

### COUNT I
### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

50. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

51. Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

52. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

6

53.     Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

54.     Defendants' violations of the FLSA were willful.

55.     For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY OVERTIME WAGES UNDER THE DCMWA

56.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

57.     Each defendant was an "employer" of Plaintiff within the meaning of the DCMWA. D.C. Code § 32-1002(3).

58.     The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

59.     Defendants violated the DCMWA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one work-week.

60.     Defendants' violations of the DCMWA were willful.

61.     For Defendants' violations of the DCMWA, Defendants are liable to Plaintiff for unpaid overtime wages, an amount equal to three times the unpaid overtime wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

7

## COUNT III

## FAILURE TO PAY WAGES UNDER THE DCWPCL

62.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

63.     Each defendant was an "employer" of Plaintiff within the meaning of the DCWPCL.

D.C. Code § 32-1301(1B).

64.     The DCWPCL requires employers to pay an employee who is discharged no later than

the working day following the discharge. D.C. Code § 32-1303(1).

65.     The DCWPCL requires employers to pay an employee who quits or resigns all wages due

upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever

is earlier. D.C. Code § 32-1303(2).

66.     For purposes of the DCWPCL, "wages" include, among other things, regular, minimum,

and overtime wages. D.C Code § 32-1301(3).

67.     Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiff all wages

due, including overtime wages.

68.     Defendants' violations of the DCWPCL were willful.

69.     For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid

wages, an amount equal to three times the amount of unpaid wages as liquidated damages, rea-

sonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropri-

ate by the Court. *See Martinez v. Asian 328, LLC*, 220 F. Supp. 3d 117, 123 (D.D.C. 2016)

("[T]he liquidated-damages provision of the DCWPCL awards treble damages as liquidated

damages *in addition to* the actual damages in the form of unpaid wages.").

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$164,074.38** and grant the following relief:

a.      Award Plaintiff $156,000.00, consisting of the following overlapping elements:

    i.      unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

    ii.      unpaid overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

    iii.      unpaid wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b.      Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

c.      Award Plaintiff attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (currently, approximately $7,935.00);

d.      Award Plaintiff court costs (currently, $139.38); and

e.      Award any additional relief the Court deems just.

Notice of Removal, Exhibit A, Page 013

Date: July 2, 2020                          Respectfully submitted,

                                            /s/ Justin Zelikovitz
                                            JUSTIN ZELIKOVITZ, #986001
                                            DCWAGELAW
                                            519 H Street NW
                                            Washington, DC 20001
                                            Phone: (202) 803-6083
                                            Fax: (202) 683-6102
                                            justin@dcwagelaw.com

                                            *Counsel for Plaintiff*

10

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

_____
EDWIN CONTRERAS
_____
Plaintiff

vs.                                                    Case Number _____

_____
14TH & V, INC.
_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Justin Zelikovitz, Esq.
_____                          _Clerk of the Court_
Name of Plaintiff's Attorney

519 H Street NW
_____          By _____
Address                                                        Deputy Clerk
Washington, DC 20001
_____

202-803-6083
_____          Date _____
Telephone

如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828로 전화주십시요.           የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

*Recewed via SPS 7/17/20*



**DCWAGELAW**
LAW OFFICE OF JUSTIN ZELIKOVITZ

JUSTIN ZELIKOVITZ, ESQ.
T: (202) 803-6083
F: (202) 683-6102
JUSTIN@DCWAGELAW.COM

July 16, 2020

VIA Private Process Server

14th & V, Inc.
c/o Professional Registered Agents, Inc.
2600 Virginia Avenue NW, Suite 1112
Washington, DC 20037

   **Re:** **Discovery**
     *Contreras v. Busboys, Inc., et al.*
     Case No. 2020 CA 002987 B - William M. Jackson

Dear 14th & V, Inc.:

On behalf of Plaintiff Edwin Contreras, please find enclosed interrogatories and requests for production.

       Sincerely,

       Justin Zelikovitz

Enclosures: Interrogatories
     Requests for Production

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**(Civil Division)**

EDWIN CONTRERAS

    Plaintiff,

v.

BUSBOYS, INC., et al.

    Defendants.

Case No. 2020 CA 002987 B

Judge William M. Jackson

Next Event: Initial Scheduling Conference October 2, 2020 at 9:30 a.m.

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO**
**DEFENDANT 14TH & V, INC.**

The following Interrogatories are addressed to Defendant 14th & V, Inc., pursuant to Super. Ct. Civ. R. 26 and 33. An officer or agent of Defendant 14th & V, Inc. is required to answer these questions in full, separately, in writing, under oath, and to serve a copy thereof within forty-five days of service on counsel for Plaintiff: Justin Zelikovitz, DCWageLaw, 519 H Street NW, Washington, DC 20001, justin@dcwagelaw.com.

**INSTRUCTIONS**

1.    The following Interrogatories are continuing in character. Any additional information, including any conclusions, opinions, or contentions that are different from those set forth in the present answers, shall be promptly furnished to the Plaintiff's counsel after such information is acquired.

2.    These Interrogatories seek all information known or available to you, regardless of whether the information is possessed directly by the Defendant, or by officers, directors, agents, servants, employees, representatives, advisors, affiliates, subsidiaries, or predecessor companies.

3.    If the answer to any of these Interrogatories is based upon information other than the personal knowledge of the individual signing these Interrogatories, then set forth in detail the underlying basis for each answer and state when, where, from whom, and under what circumstances the person answering these Interrogatories obtained the information for each answer.

4.      No part of an interrogatory should be left unanswered merely because an objection is interposed as to another part of the interrogatory. If a partial or incomplete answer is provided, then you shall state that the answer is partial or incomplete. If any of these Interrogatories cannot be answered in full, it must be answered to the extent possible, specifying the reasons for your inability to answer the remainder and stating whatever information, knowledge, or belief you have with respect to the unanswered portion.

5.      If in answering these Interrogatories, you encounter any ambiguities when construing a question, instruction, or definition, your answer shall set forth the matter deemed ambiguous and the construction used in answering.

6.      In accordance with Super. Ct. Civ. R. 26(b)(5), where a claim of privilege is asserted in objecting to any interrogatory or part thereof, and information is not provided on the basis of such assertion:

    (a)      In asserting the privilege, you shall, in the objection to the interrogatory, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed; and

    (b)      The following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information.

        (1)      For oral communications:

            A.      the name of the person making the communication and the names of person present while the communication was made, and, where not apparent, the relationship of the persons present to the person making the communication;

            B.      the date and place of the communication; and

            C.      the general subject matter of the communication.

        (2)      For documents:

            A.      the type of document;

            B.      the general subject matter of the document;

            C.      the date of the document; and

            D.      such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other

2

recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

## DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Superior Court Rules of Civil Procedure. As used in these Interrogatories, the following terms are to be interpreted in accordance with these definitions:

1.      The present tense includes the past and future tenses. The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" means "including but not limited to" and "including without limitation." "All" means "any and all"; "any" means "any and all." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the genders.

2.      The term "you" shall mean the Defendant to whom these Interrogatories are directed, including all its subsidiaries and affiliated persons and entities, and shall further include all officers, directors, employees, agents and representatives of the Defendant and any such related persons and entities.

3.      "Defendant(s)" means any of the Defendant(s) in this action, including all their subsidiaries and affiliated persons and entities, and shall further include all officers, directors, employees, agents and representatives of both the Defendant and any related persons and entities.

4.      Where the "name" or "identity" of a person is requested, state the full name, home and business address, home and business telephone number, occupation, and job title of that person, and state his or her present and former relationship to Defendant.

5.      Where the "identity" of a document is requested, state, if applicable, the title or caption of the document, the date the document was prepared, the name of the author or signor of the document, the name of the person to whom the document is addressed or to whom it was distributed, the name of the publisher of the document, and the name of the individual who presently has custody, possession, or control of the document.

6.      As used herein, the terms "document" or "documents" are synonymous in meaning and equal in scope to the usage of the term "documents" in Super. Ct. Civ. R. 34(a) and include all documents or writings of any nature whatsoever. "Documents" means any written, recorded, electronically stored, or graphic matter, however produced or reproduced, and whether or not now in existence, and includes the original, all file copies, all other copies no matter how prepared, and all drafts prepared in connection with such documents, whether used or not. It further includes and is not limited to papers, books, records, catalogs, price lists, pamphlets, periodicals, letters, correspondence, emails, scrapbooks, notebooks, bulletins, circulars, forms, notices, postcards, telegrams, deposition transcripts, contacts, agreements, leases, reports, studies, working papers, charts, proposals, graphs, sketches, diagrams, indices, maps, analyses, statistical records,

3

reports, results of investigations, reviews, ledgers, journals, calendar entries, balance sheets, accounts, books of accounts, invoices, vouchers, purchase orders, receipts, expense accounts, cancelled checks, bank checks, statements, sound and tape recordings, videotapes, audiotapes, memoranda (including any type or form of notes, memoranda or sound records of personal thoughts, recollections or reminders or of telephone or other conversations, or of acts activities, agreements, meetings, or conferences), photostats, microfilm, instruction lists or forms, computer printouts or other computer instruction lists or forms, computer printouts of other computer data, minutes of director or committee meetings, interoffice or intraoffice communications, diaries, calendar or desk pads, stenographers' notebooks, appointment books, and other papers or matters similar to any of the foregoing, however denominated, whether received by you or prepared by you for your own use or transmittal. If a document has been prepared in several copies, or additional copies have been made, and the copies are not identical (or which, by reason of subsequent modification or notation are no longer identical), each non-identical copy is a separate "document."

7.     "Statement" means any communication or utterance, whether oral or written, made by one person to another or in the presence of another, or any document delivered or sent from one person to another. The term "communication" means the transmittal of information by any means.

8.     The words "person(s)" and "entities" shall mean all individuals, groups, and organizations, including, without limitation, all individuals, sole proprietorships, associations, companies, partnerships, joint ventures, corporations, trusts, estates, and any agency of the government or investigative body of any kind.

9.     The terms "regard," "regarding," "relate to," and "relating to" mean consist of, refer to, pertain to, reflect, evidence, constitute, contain, describe, comment upon, or in any way logically or factually connected with the matter discussed. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

10.    Whenever a noun appears in these Interrogatories, it shall be construed either to be singular or plural to bring within the scope of these discovery requests any information that may otherwise be construed to be outside their scope.

11.    Unless otherwise annotated, the term "Busboys and Poets" refers to the Busboys and Poets restaurant located at 2121 14th Street NW.

## INTERROGATORIES

1.     Please identify any person who participated in answering these Interrogatories, and for

each such person, please list the interrogatories that they participated in answering.

4

2.      Please identify all officers or directors of 14th & V, Inc. at any point since January 1, 2012, provide their titles, state the dates for when each person held their titles, and describe each title's job responsibilities. In answering this interrogatory, please refer to the definition of "Identity."

3.      Please identify all persons or entities that have had an ownership stake in 14th & V, Inc. at any point since January 1, 2012. In answering this interrogatory, please refer to the definition of "Identity."

4.      Please identify all persons who have worked at Busboys and Poets between January 1, 2012 and November 30, 2017, dates inclusive. For each person identified, (a) state the dates he or she worked; (b) describe the role he or she had; (c) state his or her title; and (d) state whether he or she was paid on a salary, hourly, commission, or other basis. In answering this interrogatory, please refer to the definition of "Identity."

5.      Please describe in detail the job duties that Plaintiff performed at Busboys and Poets and describe any changes in Plaintiff's job duties over time.

6.      With regards to Plaintiff's work at Busboys and Poets, please list the following: (a) each and every day worked; (b) the time the Plaintiff started and ended work on each day; and (c) the number of hours the Plaintiff worked on each day.

7.      With regards to Plaintiff's work at Busboys and Poets, please list the amount paid to Plaintiff for each pay period and the method by which each payment was made.

8.      For each payment listed in your response to Interrogatory No. 7, please describe how the amount was calculated.

Notice of Removal, Exhibit A, Page 021

9.     If you contend that Plaintiff took a break during the typical workday, then please list the dates Plaintiff worked at Busboys and Poets, and for each date listed please state the start time and end time of any break.

10.    Please identify any person having firsthand personal knowledge of the information stated in response to Interrogatory No. 7. In answering this interrogatory, please refer to the definition of "Identity."

11.    Please identify any person having firsthand personal knowledge of the information stated in response to Interrogatory No. 8. In answering this interrogatory, please refer to the definition of "Identity."

12.    For the period between January 1, 2012 and November 30, 2017, dates inclusive, please list Busboys and Poets' typical hours of operation, any fluctuations in the hours of operation, and any days on which Busboys and Poets was closed.

13.    Please state the name, brand, and model of all point of sale (POS) or time-keeping systems that you have used at any time during the time during the relevant period, set out and describe the manner in which you and your workers have used such system, and state the dates for which you used each such system.

14.    Please describe in detail all methods used to record the number of hours Plaintiff worked.

15.    Please identify any person who monitored, regulated, or authenticated the number of hours Plaintiff worked. In answering this interrogatory, please refer to the definition of "Identity."

16.    Please identify all persons who supervised Plaintiff's work, and for each person identified (a) state the dates when they supervised Plaintiff and (b) describe the scope of their supervision. In answering this interrogatory, please refer to the definition of "Identity."

6

17.     Please identify any person who was responsible for or who tendered payments to Plaintiff. In answering this interrogatory, please refer to the definition of "Identity."

18.     Please identify all banks, or other financial institutions with which you had an account at any time between January 1, 2012 and November 30, 2017, dates inclusive. In answering this interrogatory, please refer to the definition of "Identity."

19.     Please identify any person or business that provided you with payroll or accounting services at any time between January 1, 2012 and November 30, 2017, dates inclusive. In answering this interrogatory, please refer to the definition of "Identity."

20.     Please itemize by date all increases or decreases in Plaintiff's rate of compensation and identify the person(s) responsible for each increase or decrease. In answering this interrogatory, please refer to the definition of "Identity."

21.     Please itemize by date all changes in Plaintiff's work schedule, state when each change occurred, and identify the person(s) responsible for each change. In answering this interrogatory, please refer to the definition of "Identity."

22.     Please identify each person you intend to call as a witness at trial and state the expected subject matter of their testimony. In answering this interrogatory, please refer to the definition of "Identity."

23.     Please list all charges, investigations, or complaints of alleged wage and hour violations filed or made within the last five years against you, or against any of your employees, workers, or staff.

24.     If you intend to rely upon any documents, electronically stored information, or tangible things to support a position that you have taken or intend to take in the action, including any de-

7

fense, please provide a brief description, by category and location, of all such documents, electronically stored information, and tangible things, and identify all persons having possession, custody or control of them. In answering this interrogatory, please refer to the definition of "Identity."

Date: July 16, 2020                                   Sincerely,

                                                      /s/ Justin Zelikovitz
                                                      JUSTIN ZELIKOVITZ, #986001
                                                      DCWAGELAW
                                                      519 H Street NW
                                                      Washington, DC 20001
                                                      Phone: (202) 803-6083
                                                      Fax: (202) 683-6102
                                                      justin@dcwagelaw.com

                                                      *Counsel for Plaintiff*

8

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2020, I sent via private process server a copy of Plaintiff's First Set of Interrogatories to Defendant 14th & V, Inc.

Nicolas Wulff

9

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### (Civil Division)

|  |  |
|---|---|
| EDWIN CONTRERAS | |
| Plaintiff, | |
| v. | Case No. 2020 CA 002987 B |
| BUSBOYS, INC., et al. | Judge William M. Jackson |
| Defendants. | Next Event: Initial Scheduling Conference October 2, 2020 at 9:30 a.m. |

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT 14TH & V, INC.

The following Requests for Production of Documents are addressed to Defendant 14th & V, Inc., pursuant to Super. Ct. Civ. R. 26 and 34. An officer or agent of Defendant 14th & V, Inc. is required to respond to these requests in full, separately, in writing, under oath, and to serve a copy thereof within forty-five days of service on counsel for Plaintiff: Justin Zelikovitz, DCWageLaw, 519 H Street NW, Washington, DC 20001, justin@dcwagelaw.com.

### INSTRUCTIONS

1.      The following Requests are continuing in character. If you become aware of or acquire possession, custody, or control of additional documents that are responsive to these Requests, you shall promptly produce such additional documents to the Plaintiff's counsel.

2.      These Requests seek all information known or available to you, regardless of whether the information is possessed directly by the Defendant, or by officers, directors, agents, servants, employees, representatives, advisors, affiliates, subsidiaries, or predecessor companies.

3.      No part of a Request should be left unanswered merely because an objection is interposed as to another part of the Request. If a partial or incomplete answer is provided, then you shall state that the answer is partial or incomplete. If any of these Requests cannot be answered in full, it must be answered to the extent possible, specifying the reasons for your inability to answer the remainder and stating whatever information, knowledge, or belief you have with respect to the unanswered portion.

4.     If in answering these Requests, you encounter any ambiguities when construing a question, instruction, or definition, you shall set forth the matter deemed ambiguous and the construction used in answering.

5.     Pursuant to Super. Ct. Civ. R. 26(b)(5), where a claim of privilege is asserted in objecting to any request or part thereof, and information is not provided on the basis of such assertion:

      a) In asserting the privilege, the responding party shall, in the objection to the request, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed; and

      b) The following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information.

            1.     the type of document;

            2.     the general subject matter of the document;

            3.     the date of the document; and

            4.     such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

6.     If any document otherwise responsive to these Requests is not produced because it was lost, destroyed, or discarded:

      a) identify the document by type, date, and title;

      b) identify the person who last had custody or control over the document;

      c) state the date on which the document was destroyed or was discovered to have been lost;

      d) if the document was destroyed, state why it was destroyed and identify the person(s) who destroyed it; and

      e) if the document was lost, describe the circumstances in which its loss was discovered, state the date that it was last seen or otherwise accounted for, and identify the person(s) who discovered its loss and who last saw or otherwise accounted for it.

2

## DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Superior Court Rules of Civil Procedure. As used in these Requests, the following terms are to be interpreted in accordance with these definitions:

1.      The present tense includes the past and future tenses. The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" means "including but not limited to" and "including without limitation." "All" means "any and all"; "any" means "any and all." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the genders.

2.      The term "you" shall mean the Defendant to whom these Requests are directed, including all its subsidiaries and affiliated persons and entities, and shall further include all officers, directors, employees, agents and representatives of the Defendant and any such related persons and entities.

3.      "Defendant(s)" means any of the Defendant(s) in this action, including all their subsidiaries and affiliated persons and entities, and shall further include all officers, directors, employees, agents and representatives of both the Defendant and any related persons and entities.

4.      As used herein, the terms "document" or "documents" are synonymous in meaning and equal in scope to the usage of the term "documents" in Super. Ct. Civ. R. 34(a) and include all documents or writings of any nature whatsoever. "Documents" means any written, recorded, electronically stored, or graphic matter, however produced or reproduced, and whether or not now in existence, and includes the original, all file copies, all other copies no matter how prepared, and all drafts prepared in connection with such documents, whether used or not. It further includes and is not limited to papers, books, records, catalogs, price lists, pamphlets, periodicals, letters, correspondence, emails, scrapbooks, notebooks, bulletins, circulars, forms, notices, postcards, telegrams, deposition transcripts, contacts, agreements, leases, reports, studies, working papers, charts, proposals, graphs, sketches, diagrams, indices, maps, analyses, statistical records, reports, results of investigations, reviews, ledgers, journals, calendar entries, balance sheets, accounts, books of accounts, invoices, vouchers, purchase orders, receipts, expense accounts, cancelled checks, bank checks, statements, sound and tape recordings, videotapes, audiotapes, memoranda (including any type or form of notes, memoranda or sound records of personal thoughts, recollections or reminders or of telephone or other conversations, or of acts activities, agreements, meetings, or conferences), photostats, microfilm, instruction lists or forms, computer printouts or other computer instruction lists or forms, computer printouts of other computer data, minutes of director or committee meetings, interoffice or intraoffice communications, diaries, calendar or desk pads, stenographers' notebooks, appointment books, and other papers or matters similar to any of the foregoing, however denominated, whether received by you or prepared by you for your own use or transmittal. If a document has been prepared in several copies, or additional copies have been made, and the copies are not identical (or which, by reason of subsequent modification or notation are no longer identical), each non-identical copy is a separate "document."

3

5.    "Statement" means any communication or utterance, whether oral or written, made by one person to another or in the presence of another, or any document delivered or sent from one person to another. The term "communication" means the transmittal of information by any means.

6.    The words "person(s)" and "entities" shall mean all individuals, groups, and organizations, including, without limitation, all individuals, sole proprietorships, associations, companies, partnerships, joint ventures, corporations, trusts, estates, and any agency of the government or investigative body of any kind.

7.    The terms "regard," "regarding," "relate to," and "relating to" mean consist of, refer to, pertain to, reflect, evidence, constitute, contain, describe, comment upon, or in any way logically or factually connected with the matter discussed. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

8.    Whenever a noun appears in these Requests, it shall be construed either to be singular or plural to bring within the scope of these discovery requests any information that may otherwise be construed to be outside their scope.

## REQUESTS FOR PRODUCTION

1.    Please provide all documents you have identified, relied upon, or otherwise mentioned in your answers to Plaintiff's Interrogatories to 14th & V, Inc.

2.    Please provide a copy of your Articles of Incorporation and any amendments thereto.

3.    Please provide a copy of your Bylaws and any amendments thereto.

4.    Please provide a copy of any employee handbook or document that states or describes the policies, procedures, working conditions, and behavioral expectations that guided your employees.

5.    Please provide all documents that reference the hours and minutes Plaintiff worked at Busboys and Poets, including, but not limited to, any daily or weekly schedules, punch clock records, and timestamps.

6.    Please provide all documents that reference Plaintiff's earnings including, but not limited to, canceled checks, pay stubs, and account ledgers.

4

7.      Please provide a copy of all your business ledgers and payroll records between January 1, 2012 and November 30, 2017, dates inclusive.

8.      Please provide a copy of Plaintiff's employee file.

9.      Please provide all documents which discuss, reference, or cite Plaintiff's performance of his assigned work duties.

10.     Please provide all emails that concern Plaintiff or that reference Plaintiff by name.

11.     Please provide all letters that concern Plaintiff or that reference Plaintiff by name.

12.     Please provide all text messages that concern Plaintiff or that reference Plaintiff by name.

13.     Please provide all documents that reference any charge, investigation, or complaint of alleged wage and hour violations filed or made within the last five years against you, or against any of your owners or employees.

14.     Please provide any document that you intend to rely upon at trial.

Date: July 16, 2020                          Sincerely,

                                             /s/ Justin Zelikovitz
                                             JUSTIN ZELIKOVITZ, #986001
                                             DCWAGELAW
                                             519 H Street NW
                                             Washington, DC 20001
                                             Phone: (202) 803-6083
                                             Fax: (202) 683-6102
                                             justin@dcwagelaw.com

                                             *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2020, I sent via private process server a copy of Plaintiff's First Set of Requests for Production to Defendant 14th & V, Inc.

Nicolas Wulff

6

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

_____
EDWIN CONTRERAS
Plaintiff

vs.

Case Number _____

_____
ANAS SHALLAL
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Justin Zelikovitz, Esq.
_____
Name of Plaintiff's Attorney

519 H Street NW
_____
Address
Washington, DC 20001
_____

202-803-6083
_____
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date _____

如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828로 전화주십시요.          የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



JUSTIN ZELIKOVITZ, ESQ.
T: (202) 803-6083
F: (202) 683-6102
JUSTIN@DCWAGELAW.COM

July 16, 2020

VIA Private Process Server

Anas Shallal
1831 Kalorama Road NW
Washington, DC 20009

   **Re:**  **Discovery**
      *Contreras v. Busboys, Inc., et al.*
      Case No. 2020 CA 002987 B -William M. Jackson

Dear Anas Shallal:

On behalf of Plaintiff Edwin Contreras, please find enclosed interrogatories and requests for production.

       Sincerely,

       Justin Zelikovitz

Enclosures:  Interrogatories
      Requests for Production

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### (Civil Division)

| | |
|---|---|
| EDWIN CONTRERAS<br><br>     Plaintiff,<br><br>v.<br><br>BUSBOYS, INC., et al.<br><br>     Defendants. | Case No. 2020 CA 002987 B<br><br>Judge William M. Jackson<br><br>Next Event: Initial Scheduling Conference October 2, 2020 at 9:30 a.m. |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT ANAS SHALLAL

The following Interrogatories are addressed to Defendant Anas Shallal, pursuant to Super. Ct. Civ. R. 26 and 33. Defendant Anas Shallal is required to answer these questions in full, separately, in writing, under oath, and to serve a copy thereof within forty-five days of service on counsel for Plaintiff: Justin Zelikovitz, DCWageLaw, 519 H Street NW, Washington, DC 20001, justin@dcwagelaw.com.

### INSTRUCTIONS

1.     The following Interrogatories are continuing in character. Any additional information, including any conclusions, opinions, or contentions that are different from those set forth in the present answers, shall be promptly furnished to the Plaintiff's counsel after such information is acquired.

2.     These Interrogatories seek all information known or available to you, regardless of whether the information is possessed directly by the Defendant, or by officers, directors, agents, servants, employees, representatives, advisors, affiliates, subsidiaries, or predecessor companies.

3.     If the answer to any of these Interrogatories is based upon information other than the personal knowledge of the individual signing these Interrogatories, then set forth in detail the underlying basis for each answer and state when, where, from whom, and under what circumstances the person answering these Interrogatories obtained the information for each answer.

4.      No part of an interrogatory should be left unanswered merely because an objection is in-
terposed as to another part of the interrogatory. If a partial or incomplete answer is provided,
then you shall state that the answer is partial or incomplete. If any of these Interrogatories cannot
be answered in full, it must be answered to the extent possible, specifying the reasons for your
inability to answer the remainder and stating whatever information, knowledge, or belief you
have with respect to the unanswered portion.

5.      If in answering these Interrogatories, you encounter any ambiguities when construing a
question, instruction, or definition, your answer shall set forth the matter deemed ambiguous and
the construction used in answering.

6.      In accordance with Super. Ct. Civ. R. 26(b)(5), where a claim of privilege is asserted in
objecting to any interrogatory or part thereof, and information is not provided on the basis of
such assertion:

(a)      In asserting the privilege, you shall, in the objection to the interrogatory, or part
thereof, identify with specificity the nature of the privilege (including work product) that
is being claimed; and

(b)      The following information should be provided in the objection, if known or rea-
sonably available, unless divulging such information would cause disclosure of the alleg-
edly privileged information.

(1)      For oral communications:

A.      the name of the person making the communication and the names
of person present while the communication was made, and, where not ap-
parent, the relationship of the persons present to the person making the
communication;

B.      the date and place of the communication; and

C.      the general subject matter of the communication.

(2)      For documents:

A.      the type of document;

B.      the general subject matter of the document;

C.      the date of the document; and

D.      such other information as is sufficient to identify the document, in-
cluding, where appropriate, the author, addressee, custodian, and any other

2

recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

# DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Superior Court Rules of Civil Procedure. As used in these Interrogatories, the following terms are to be interpreted in accordance with these definitions:

1.     The present tense includes the past and future tenses. The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" means "including but not limited to" and "including without limitation." "All" means "any and all"; "any" means "any and all." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the genders.

2.     The term "you" shall mean the Defendant to whom these Interrogatories are directed, including all its subsidiaries and affiliated persons and entities, and shall further include all officers, directors, employees, agents and representatives of the Defendant and any such related persons and entities.

3.     "Defendant(s)" means any of the Defendant(s) in this action, including all their subsidiaries and affiliated persons and entities, and shall further include all officers, directors, employees, agents and representatives of both the Defendant and any related persons and entities.

4.     Where the "name" or "identity" of a person is requested, state the full name, home and business address, home and business telephone number, occupation, and job title of that person, and state his or her present and former relationship to Defendant.

5.     Where the "identity" of a document is requested, state, if applicable, the title or caption of the document, the date the document was prepared, the name of the author or signor of the document, the name of the person to whom the document is addressed or to whom it was distributed, the name of the publisher of the document, and the name of the individual who presently has custody, possession, or control of the document.

6.     As used herein, the terms "document" or "documents" are synonymous in meaning and equal in scope to the usage of the term "documents" in Super. Ct. Civ. R. 34(a) and include all documents or writings of any nature whatsoever. "Documents" means any written, recorded, electronically stored, or graphic matter, however produced or reproduced, and whether or not now in existence, and includes the original, all file copies, all other copies no matter how prepared, and all drafts prepared in connection with such documents, whether used or not. It further includes and is not limited to papers, books, records, catalogs, price lists, pamphlets, periodicals, letters, correspondence, emails, scrapbooks, notebooks, bulletins, circulars, forms, notices, postcards, telegrams, deposition transcripts, contacts, agreements, leases, reports, studies, working papers, charts, proposals, graphs, sketches, diagrams, indices, maps, analyses, statistical records,

3

reports, results of investigations, reviews, ledgers, journals, calendar entries, balance sheets, accounts, books of accounts, invoices, vouchers, purchase orders, receipts, expense accounts, cancelled checks, bank checks, statements, sound and tape recordings, videotapes, audiotapes, memoranda (including any type or form of notes, memoranda or sound records of personal thoughts, recollections or reminders or of telephone or other conversations, or of acts activities, agreements, meetings, or conferences), photostats, microfilm, instruction lists or forms, computer printouts or other computer instruction lists or forms, computer printouts of other computer data, minutes of director or committee meetings, interoffice or intraoffice communications, diaries, calendar or desk pads, stenographers' notebooks, appointment books, and other papers or matters similar to any of the foregoing, however denominated, whether received by you or prepared by you for your own use or transmittal. If a document has been prepared in several copies, or additional copies have been made, and the copies are not identical (or which, by reason of subsequent modification or notation are no longer identical), each non-identical copy is a separate "document."

7.      "Statement" means any communication or utterance, whether oral or written, made by one person to another or in the presence of another, or any document delivered or sent from one person to another. The term "communication" means the transmittal of information by any means.

8.      The words "person(s)" and "entities" shall mean all individuals, groups, and organizations, including, without limitation, all individuals, sole proprietorships, associations, companies, partnerships, joint ventures, corporations, trusts, estates, and any agency of the government or investigative body of any kind.

9.      The terms "regard," "regarding," "relate to," and "relating to" mean consist of, refer to, pertain to, reflect, evidence, constitute, contain, describe, comment upon, or in any way logically or factually connected with the matter discussed. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

10.      Whenever a noun appears in these Interrogatories, it shall be construed either to be singular or plural to bring within the scope of these discovery requests any information that may otherwise be construed to be outside their scope.

11.      Unless otherwise annotated, the term "Busboys and Poets" refers to the Busboys and Poets restaurants located at 450 K Street NW and 2121 14th Street NW.

## INTERROGATORIES

1.      Please identify any person who participated in answering these Interrogatories, and for

each such person, please list the interrogatories that they participated in answering.

4

2.      Please identify all persons who have worked at Busboys and Poets between January 1, 2012 and November 30, 2017, dates inclusive. For each person identified, (a) state the dates he or she worked; (b) describe the role he or she had; (c) state his or her title; and (d) state whether he or she was paid on a salary, hourly, commission, or other basis. In answering this interrogatory, please refer to the definition of "Identity."

3.      Please describe in detail the job duties that Plaintiff performed at Busboys and Poets and describe any changes in Plaintiff's job duties over time.

4.      With regards to Plaintiff's work at Busboys and Poets, please list the following: (a) each and every day worked; (b) the time the Plaintiff started and ended work on each day; and (c) the number of hours the Plaintiff worked on each day.

5.      With regards to Plaintiff's work at Busboys and Poets, please list the amount paid to Plaintiff for each pay period and the method by which each payment was made.

6.      For each payment listed in your response to Interrogatory No. 5, please describe how the amount was calculated.

7.      If you contend that Plaintiff took a break during the typical workday, then please list the dates Plaintiff worked at Busboys and Poets, and for each date listed please state the start time and end time of any break.

8.      Please identify any person having firsthand personal knowledge of the information stated in response to Interrogatory No. 5. In answering this interrogatory, please refer to the definition of "Identity."

9.      Please identify any person having firsthand personal knowledge of the information stated in response to Interrogatory No. 6. In answering this interrogatory, please refer to the definition of "Identity."

5

10.    For the period between January 1, 2012 and November 30, 2017, dates inclusive, please list Busboys and Poets' typical hours of operation, any fluctuations in the hours of operation, and any days on which Busboys and Poets was closed.

11.    Please identify any individual who made hiring or firing decisions for Busboys, Inc. or 14th & V, Inc.

12.    Please identify all individuals who participated in the decision to hire or fire the individuals identified in response to Interrogatory No. 11.

13.    Please state the name, brand, and model of all point of sale (POS) or time-keeping systems that you have used at any time during the time during the relevant period, set out and describe the manner in which you and your workers have used such system, and state the dates for which you used each such system.

14.    Please describe in detail all methods used to record the number of hours Plaintiff worked.

15.    Please identify any person who monitored, regulated, or authenticated the number of hours Plaintiff worked. In answering this interrogatory, please refer to the definition of "Identity."

16.    Please identify all persons who supervised Plaintiff's work, and for each person identified (a) state the dates when they supervised Plaintiff and (b) describe the scope of their supervision. In answering this interrogatory, please refer to the definition of "Identity."

17.    Please identify any person who was responsible for or who tendered payments to Plaintiff. In answering this interrogatory, please refer to the definition of "Identity."

18.    Please itemize by date all increases or decreases in Plaintiff's rate of compensation and identify the person(s) responsible for each increase or decrease. In answering this interrogatory, please refer to the definition of "Identity."

6

19.     Please itemize by date all changes in Plaintiff's work schedule, state when each change occurred, and identify the person(s) responsible for each change. In answering this interrogatory, please refer to the definition of "Identity."

20.     Please identify each person you intend to call as a witness at trial and state the expected subject matter of their testimony. In answering this interrogatory, please refer to the definition of "Identity."

21.     Please list all charges, investigations, or complaints of alleged wage and hour violations filed or made within the last five years against you, or against any of your employees, workers, or staff.

22.     If you intend to rely upon any documents, electronically stored information, or tangible things to support a position that you have taken or intend to take in the action, including any defense, please provide a brief description, by category and location, of all such documents, electronically stored information, and tangible things, and identify all persons having possession, custody or control of them. In answering this interrogatory, please refer to the definition of "Identity."

Date: July 16, 2020                             Sincerely,

                                                /s/ Justin Zelikovitz
                                                JUSTIN ZELIKOVITZ, #986001
                                                DCWAGELAW
                                                519 H Street NW
                                                Washington, DC 20001
                                                Phone: (202) 803-6083
                                                Fax: (202) 683-6102
                                                justin@dcwagelaw.com

                                                *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2020, I sent via private process server a copy of Plaintiff's First Set of Interrogatories to Defendant Anas Shallal.

Nicolas Wulff

8

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**(Civil Division)**

|  |  |
|---|---|
| EDWIN CONTRERAS | |
| Plaintiff, | |
| v. | Case No. 2020 CA 002987 B |
| BUSBOYS, INC., et al. | Judge William M. Jackson |
| Defendants. | Next Event: Initial Scheduling Conference October 2, 2020 at 9:30 a.m. |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ANAS SHALLAL**

The following Requests for Production of Documents are addressed to Defendant Anas Shallal, pursuant to Super. Ct. Civ. R. 26 and 34. Defendant Anas Shallal is required to respond to these requests in full, separately, in writing, under oath, and to serve a copy thereof within forty-five days of service on counsel for Plaintiff: Justin Zelikovitz, DCWageLaw, 519 H Street NW, Washington, DC 20001, justin@dcwagelaw.com.

**INSTRUCTIONS**

1.      The following Requests are continuing in character. If you become aware of or acquire possession, custody, or control of additional documents that are responsive to these Requests, you shall promptly produce such additional documents to the Plaintiff's counsel.

2.      These Requests seek all information known or available to you, regardless of whether the information is possessed directly by the Defendant, or by officers, directors, agents, servants, employees, representatives, advisors, affiliates, subsidiaries, or predecessor companies.

3.      No part of a Request should be left unanswered merely because an objection is interposed as to another part of the Request. If a partial or incomplete answer is provided, then you shall state that the answer is partial or incomplete. If any of these Requests cannot be answered in full, it must be answered to the extent possible, specifying the reasons for your inability to answer the remainder and stating whatever information, knowledge, or belief you have with respect to the unanswered portion.

4.    If in answering these Requests, you encounter any ambiguities when construing a question, instruction, or definition, you shall set forth the matter deemed ambiguous and the construction used in answering.

5.    Pursuant to Super. Ct. Civ. R. 26(b)(5), where a claim of privilege is asserted in objecting to any request or part thereof, and information is not provided on the basis of such assertion:

    a)  In asserting the privilege, the responding party shall, in the objection to the request, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed; and

    b)  The following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information.

        1.    the type of document;

        2.    the general subject matter of the document;

        3.    the date of the document; and

        4.    such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

6.    If any document otherwise responsive to these Requests is not produced because it was lost, destroyed, or discarded:

    a)  identify the document by type, date, and title;

    b)  identify the person who last had custody or control over the document;

    c)  state the date on which the document was destroyed or was discovered to have been lost;

    d)  if the document was destroyed, state why it was destroyed and identify the person(s) who destroyed it; and

    e)  if the document was lost, describe the circumstances in which its loss was discovered, state the date that it was last seen or otherwise accounted for, and identify the person(s) who discovered its loss and who last saw or otherwise accounted for it.

2

## DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Superior Court Rules of Civil Procedure. As used in these Requests, the following terms are to be interpreted in accordance with these definitions:

1.     The present tense includes the past and future tenses. The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" means "including but not limited to" and "including without limitation." "All" means "any and all"; "any" means "any and all." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the genders.

2.     The term "you" shall mean the Defendant to whom these Requests are directed, including all its subsidiaries and affiliated persons and entities, and shall further include all officers, directors, employees, agents and representatives of the Defendant and any such related persons and entities.

3.     "Defendant(s)" means any of the Defendant(s) in this action, including all their subsidiaries and affiliated persons and entities, and shall further include all officers, directors, employees, agents and representatives of both the Defendant and any related persons and entities.

4.     As used herein, the terms "document" or "documents" are synonymous in meaning and equal in scope to the usage of the term "documents" in Super. Ct. Civ. R. 34(a) and include all documents or writings of any nature whatsoever. "Documents" means any written, recorded, electronically stored, or graphic matter, however produced or reproduced, and whether or not now in existence, and includes the original, all file copies, all other copies no matter how prepared, and all drafts prepared in connection with such documents, whether used or not. It further includes and is not limited to papers, books, records, catalogs, price lists, pamphlets, periodicals, letters, correspondence, emails, scrapbooks, notebooks, bulletins, circulars, forms, notices, postcards, telegrams, deposition transcripts, contacts, agreements, leases, reports, studies, working papers, charts, proposals, graphs, sketches, diagrams, indices, maps, analyses, statistical records, reports, results of investigations, reviews, ledgers, journals, calendar entries, balance sheets, accounts, books of accounts, invoices, vouchers, purchase orders, receipts, expense accounts, cancelled checks, bank checks, statements, sound and tape recordings, videotapes, audiotapes, memoranda (including any type or form of notes, memoranda or sound records of personal thoughts, recollections or reminders or of telephone or other conversations, or of acts activities, agreements, meetings, or conferences), photostats, microfilm, instruction lists or forms, computer printouts or other computer instruction lists or forms, computer printouts of other computer data, minutes of director or committee meetings, interoffice or intraoffice communications, diaries, calendar or desk pads, stenographers' notebooks, appointment books, and other papers or matters similar to any of the foregoing, however denominated, whether received by you or prepared by you for your own use or transmittal. If a document has been prepared in several copies, or additional copies have been made, and the copies are not identical (or which, by reason of subsequent modification or notation are no longer identical), each non-identical copy is a separate "document."

3

5.      "Statement" means any communication or utterance, whether oral or written, made by one person to another or in the presence of another, or any document delivered or sent from one person to another. The term "communication" means the transmittal of information by any means.

6.      The words "person(s)" and "entities" shall mean all individuals, groups, and organizations, including, without limitation, all individuals, sole proprietorships, associations, companies, partnerships, joint ventures, corporations, trusts, estates, and any agency of the government or investigative body of any kind.

7.      The terms "regard," "regarding," "relate to," and "relating to" mean consist of, refer to, pertain to, reflect, evidence, constitute, contain, describe, comment upon, or in any way logically or factually connected with the matter discussed. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

8.      Whenever a noun appears in these Requests, it shall be construed either to be singular or plural to bring within the scope of these discovery requests any information that may otherwise be construed to be outside their scope.

9.      The term "Busboys & Poets" shall be construed to mean

## REQUESTS FOR PRODUCTION

1.      Please provide all documents you have identified, relied upon, or otherwise mentioned in your answers to Plaintiff's Interrogatories to Anas Shallal.

2.      Please provide a copy of any employee handbook or document that states or describes the policies, procedures, working conditions, and behavioral expectations that guided your employees.

3.      Please provide all documents that reference the hours and minutes Plaintiff worked at Busboys and Poets, including, but not limited to, any daily or weekly schedules, punch clock records, and timestamps.

4.      Please provide all documents that reference Plaintiff's earnings including, but not limited to, canceled checks, pay stubs, and account ledgers.

5.      Please provide a copy of all your business ledgers and payroll records between January 1, 2012 and November 30, 2017, dates inclusive.

4

6.    Please provide a copy of Plaintiff's employee file.

7.    Please provide all documents which discuss, reference, or cite Plaintiff's performance of his assigned work duties.

8.    Please provide all emails that discuss or reference employee wages at Busboys & Poets.

9.    Please provide all emails that discuss or reference hiring decisions at Busboys & Poets.

10.    Please provide all emails that discuss or reference firing decisions at Busboys & Poets.

11.    Please provide all emails that discuss or reference Busboys & Poets' hours of operation.

12.    Please provide all emails that discuss or reference the subject of an employee working at more than one Busboys & Poets' location.

13.    Please provide all emails that discuss compensation rates at Busboys & Poets.

14.    Please provide all emails that discuss employee benefits at Busboys & Poets.

15.    Please provide all emails that discuss employee policies at Busboys & Poets.

16.    Please provide all letters that concern Plaintiff or that reference Plaintiff by name.

17.    Please provide all text messages that concern Plaintiff or that reference Plaintiff by name.

18.    Please provide all documents that reference any charge, investigation, or complaint of alleged wage and hour violations filed or made within the last five years against you, or against any of your employees.

19.    Please provide any document that you intend to rely upon at trial.

5

Date: July 16, 2020

Sincerely,

/s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #986001
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*

6

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2020, I sent via private process server a copy of Plaintiff's First Set of Requests for Production to Defendant Anas Shallal.

Nicolas Wulff

7

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

EDWIN CONTRERAS
_____
                                           Plaintiff

vs.                                                          Case Number _____

BUSBOYS, INC.
_____
                                           Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Justin Zelikovitz, Esq.
_____
Name of Plaintiff's Attorney

519 H Street NW
_____
Address
Washington, DC 20001
_____

202-803-6083
_____
Telephone

_Clerk of the Court_

By _____
                              Deputy Clerk

Date _____

如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828로 전화주십시요.          ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



*Received via SAS 7/19/20*



DC**WAGE**LAW
LAW OFFICE OF JUSTIN ZELIKOVITZ

JUSTIN ZELIKOVITZ, ESQ.
T: (202) 803-6083
F: (202) 683-6102
JUSTIN@DCWAGELAW.COM

July 16, 2020

VIA Private Process Server

Busboys, Inc.
c/o Professional Registered Agents, Inc.
2600 Virginia Avenue NW, Suite 1112
Washington, DC 20037

      **Re:**   **Discovery**
            *Contreras v. Busboys, Inc., et al.*
            Case No. 2020 CA 002987 B -William M. Jackson

Dear Busboys, Inc.:

On behalf of Plaintiff Edwin Contreras, please find enclosed interrogatories and requests for production.

Sincerely,

Justin Zelikovitz

Enclosures:   Interrogatories
               Requests for Production

DCWAGELAW: THE LAW OFFICE OF JUSTIN ZELIKOVITZ PLLC
519 H Street NW Washington, DC 20001 • T: (877) 373-6421 • F: (202) 683-6102 • Español: (202) 803-6084
w w w . d c w a g e l a w . c o m

Notice of Removal, Exhibit A, Page 050

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### (Civil Division)

EDWIN CONTRERAS

       Plaintiff,

v.

BUSBOYS, INC., et al.

       Defendants.

Case No. 2020 CA 002987 B

Judge William M. Jackson

Next Event: Initial Scheduling Conference October 2, 2020 at 9:30 a.m.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO
## DEFENDANT BUSBOYS, INC.

The following Interrogatories are addressed to Defendant Busboys, Inc., pursuant to Super. Ct. Civ. R. 26 and 33. An officer or agent of Defendant Busboys, Inc. is required to answer these questions in full, separately, in writing, under oath, and to serve a copy thereof within forty-five days of service on counsel for Plaintiff: Justin Zelikovitz, DCWageLaw, 519 H Street NW, Washington, DC 20001, justin@dcwagelaw.com.

### INSTRUCTIONS

1.     The following Interrogatories are continuing in character. Any additional information, including any conclusions, opinions, or contentions that are different from those set forth in the present answers, shall be promptly furnished to the Plaintiff's counsel after such information is acquired.

2.     These Interrogatories seek all information known or available to you, regardless of whether the information is possessed directly by the Defendant, or by officers, directors, agents, servants, employees, representatives, advisors, affiliates, subsidiaries, or predecessor companies.

3.     If the answer to any of these Interrogatories is based upon information other than the personal knowledge of the individual signing these Interrogatories, then set forth in detail the underlying basis for each answer and state when, where, from whom, and under what circumstances the person answering these Interrogatories obtained the information for each answer.

4.      No part of an interrogatory should be left unanswered merely because an objection is interposed as to another part of the interrogatory. If a partial or incomplete answer is provided, then you shall state that the answer is partial or incomplete. If any of these Interrogatories cannot be answered in full, it must be answered to the extent possible, specifying the reasons for your inability to answer the remainder and stating whatever information, knowledge, or belief you have with respect to the unanswered portion.

5.      If in answering these Interrogatories, you encounter any ambiguities when construing a question, instruction, or definition, your answer shall set forth the matter deemed ambiguous and the construction used in answering.

6.      In accordance with Super. Ct. Civ. R. 26(b)(5), where a claim of privilege is asserted in objecting to any interrogatory or part thereof, and information is not provided on the basis of such assertion:

     (a)      In asserting the privilege, you shall, in the objection to the interrogatory, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed; and

     (b)      The following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information.

          (1)      For oral communications:

               A.      the name of the person making the communication and the names of person present while the communication was made, and, where not apparent, the relationship of the persons present to the person making the communication;

               B.      the date and place of the communication; and

               C.      the general subject matter of the communication.

          (2)      For documents:

               A.      the type of document;

               B.      the general subject matter of the document;

               C.      the date of the document; and

               D.      such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other

recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

## DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Superior Court Rules of Civil Procedure. As used in these Interrogatories, the following terms are to be interpreted in accordance with these definitions:

1.     The present tense includes the past and future tenses. The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" means "including but not limited to" and "including without limitation." "All" means "any and all"; "any" means "any and all." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the genders.

2.     The term "you" shall mean the Defendant to whom these Interrogatories are directed, including all its subsidiaries and affiliated persons and entities, and shall further include all officers, directors, employees, agents and representatives of the Defendant and any such related persons and entities.

3.     "Defendant(s)" means any of the Defendant(s) in this action, including all their subsidiaries and affiliated persons and entities, and shall further include all officers, directors, employees, agents and representatives of both the Defendant and any related persons and entities.

4.     Where the "name" or "identity" of a person is requested, state the full name, home and business address, home and business telephone number, occupation, and job title of that person, and state his or her present and former relationship to Defendant.

5.     Where the "identity" of a document is requested, state, if applicable, the title or caption of the document, the date the document was prepared, the name of the author or signor of the document, the name of the person to whom the document is addressed or to whom it was distributed, the name of the publisher of the document, and the name of the individual who presently has custody, possession, or control of the document.

6.     As used herein, the terms "document" or "documents" are synonymous in meaning and equal in scope to the usage of the term "documents" in Super. Ct. Civ. R. 34(a) and include all documents or writings of any nature whatsoever. "Documents" means any written, recorded, electronically stored, or graphic matter, however produced or reproduced, and whether or not now in existence, and includes the original, all file copies, all other copies no matter how prepared, and all drafts prepared in connection with such documents, whether used or not. It further includes and is not limited to papers, books, records, catalogs, price lists, pamphlets, periodicals, letters, correspondence, emails, scrapbooks, notebooks, bulletins, circulars, forms, notices, postcards, telegrams, deposition transcripts, contacts, agreements, leases, reports, studies, working papers, charts, proposals, graphs, sketches, diagrams, indices, maps, analyses, statistical records,

3

reports, results of investigations, reviews, ledgers, journals, calendar entries, balance sheets, ac-
counts, books of accounts, invoices, vouchers, purchase orders, receipts, expense accounts, can-
celled checks, bank checks, statements, sound and tape recordings, videotapes, audiotapes, mem-
oranda (including any type or form of notes, memoranda or sound records of personal thoughts,
recollections or reminders or of telephone or other conversations, or of acts activities, agree-
ments, meetings, or conferences), photostats, microfilm, instruction lists or forms, computer
printouts or other computer instruction lists or forms, computer printouts of other computer data,
minutes of director or committee meetings, interoffice or intraoffice communications, diaries,
calendar or desk pads, stenographers' notebooks, appointment books, and other papers or matters
similar to any of the foregoing, however denominated, whether received by you or prepared by
you for your own use or transmittal. If a document has been prepared in several copies, or addi-
tional copies have been made, and the copies are not identical (or which, by reason of subsequent
modification or notation are no longer identical), each non-identical copy is a separate "docu-
ment."

7.      "Statement" means any communication or utterance, whether oral or written, made by
one person to another or in the presence of another, or any document delivered or sent from one
person to another. The term "communication" means the transmittal of information by any
means.

8.      The words "person(s)" and "entities" shall mean all individuals, groups, and organiza-
tions, including, without limitation, all individuals, sole proprietorships, associations, companies,
partnerships, joint ventures, corporations, trusts, estates, and any agency of the government or
investigative body of any kind.

9.      The terms "regard," "regarding," "relate to," and "relating to" mean consist of, refer to,
pertain to, reflect, evidence, constitute, contain, describe, comment upon, or in any way logically
or factually connected with the matter discussed. The term "concerning" means relating to, refer-
ring to, describing, evidencing, or constituting.

10.      Whenever a noun appears in these Interrogatories, it shall be construed either to be singu-
lar or plural to bring within the scope of these discovery requests any information that may other-
wise be construed to be outside their scope.

11.      Unless otherwise annotated, the term "Busboys and Poets" refers to the Busboys and Po-
ets restaurant located at 450 K Street NW.

## INTERROGATORIES

1.      Please identify any person who participated in answering these Interrogatories, and for

each such person, please list the interrogatories that they participated in answering.

4

2.      Please identify all officers or directors of Busboys, Inc. at any point since January 1, 2012, provide their titles, state the dates for when each person held their titles, and describe each title's job responsibilities. In answering this interrogatory, please refer to the definition of "Identity."

3.      Please identify all persons or entities that have had an ownership stake in Busboys, Inc. at any point since January 1, 2012. In answering this interrogatory, please refer to the definition of "Identity."

4.      Please identify all persons who have worked at Busboys and Poets between January 1, 2012 and November 30, 2017, dates inclusive. For each person identified, (a) state the dates he or she worked; (b) describe the role he or she had; (c) state his or her title; and (d) state whether he or she was paid on a salary, hourly, commission, or other basis. In answering this interrogatory, please refer to the definition of "Identity."

5.      Please describe in detail the job duties that Plaintiff performed at Busboys and Poets and describe any changes in Plaintiff's job duties over time.

6.      With regards to Plaintiff's work at Busboys and Poets, please list the following: (a) each and every day worked; (b) the time the Plaintiff started and ended work on each day; and (c) the number of hours the Plaintiff worked on each day.

7.      With regards to Plaintiff's work at Busboys and Poets, please list the amount paid to Plaintiff for each pay period and the method by which each payment was made.

8.      For each payment listed in your response to Interrogatory No. 7, please describe how the amount was calculated.

5

9.      If you contend that Plaintiff took a break during the typical workday, then please list the dates Plaintiff worked at Busboys and Poets, and for each date listed please state the start time and end time of any break.

10.     Please identify any person having firsthand personal knowledge of the information stated in response to Interrogatory No. 7. In answering this interrogatory, please refer to the definition of "Identity."

11.     Please identify any person having firsthand personal knowledge of the information stated in response to Interrogatory No. 8. In answering this interrogatory, please refer to the definition of "Identity."

12.     For the period between January 1, 2012 and November 30, 2017, dates inclusive, please list Busboys and Poets' typical hours of operation, any fluctuations in the hours of operation, and any days on which Busboys and Poets was closed.

13.     Please state the name, brand, and model of all point of sale (POS) or time-keeping systems that you have used at any time during the time during the relevant period, set out and describe the manner in which you and your workers have used such system, and state the dates for which you used each such system.

14.     Please describe in detail all methods used to record the number of hours Plaintiff worked.

15.     Please identify any person who monitored, regulated, or authenticated the number of hours Plaintiff worked. In answering this interrogatory, please refer to the definition of "Identity."

16.     Please identify all persons who supervised Plaintiff's work, and for each person identified (a) state the dates when they supervised Plaintiff and (b) describe the scope of their supervision. In answering this interrogatory, please refer to the definition of "Identity."

6

17.    Please identify any person who was responsible for or who tendered payments to Plaintiff. In answering this interrogatory, please refer to the definition of "Identity."

18.    Please identify all banks, or other financial institutions with which you had an account at any time between January 1, 2012 and November 30, 2017, dates inclusive. In answering this interrogatory, please refer to the definition of "Identity."

19.    Please identify any person or business that provided you with payroll or accounting services at any time between January 1, 2012 and November 30, 2017, dates inclusive. In answering this interrogatory, please refer to the definition of "Identity."

20.    Please itemize by date all increases or decreases in Plaintiff's rate of compensation and identify the person(s) responsible for each increase or decrease. In answering this interrogatory, please refer to the definition of "Identity."

21.    Please itemize by date all changes in Plaintiff's work schedule, state when each change occurred, and identify the person(s) responsible for each change. In answering this interrogatory, please refer to the definition of "Identity."

22.    Please identify each person you intend to call as a witness at trial and state the expected subject matter of their testimony. In answering this interrogatory, please refer to the definition of "Identity."

23.    Please list all charges, investigations, or complaints of alleged wage and hour violations filed or made within the last five years against you, or against any of your employees, workers, or staff.

24.    If you intend to rely upon any documents, electronically stored information, or tangible things to support a position that you have taken or intend to take in the action, including any de-

7

fense, please provide a brief description, by category and location, of all such documents, electronically stored information, and tangible things, and identify all persons having possession, custody or control of them. In answering this interrogatory, please refer to the definition of "Identity."

Date: July 16, 2020                                       Sincerely,

                                                          /s/ Justin Zelikovitz
                                                          JUSTIN ZELIKOVITZ, #986001
                                                          DCWAGELAW
                                                          519 H Street NW
                                                          Washington, DC 20001
                                                          Phone: (202) 803-6083
                                                          Fax: (202) 683-6102
                                                          justin@dcwagelaw.com

                                                          *Counsel for Plaintiff*

8

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2020, I sent via private process server a copy of Plaintiff's First Set of Interrogatories to Defendant Busboys, Inc.

Nicolas Wulff

9

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### (Civil Division)

| | |
|---|---|
| EDWIN CONTRERAS | |
| Plaintiff, | |
| v. | Case No. 2020 CA 002987 B |
| BUSBOYS, INC., et al. | Judge William M. Jackson |
| Defendants. | Next Event: Initial Scheduling Conference October 2, 2020 at 9:30 a.m. |

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BUSBOYS, INC.

The following Requests for Production of Documents are addressed to Defendant

Busboys, Inc., pursuant to Super. Ct. Civ. R. 26 and 34. An officer or agent of Defendant

Busboys, Inc. is required to respond to these requests in full, separately, in writing, under oath,

and to serve a copy thereof within forty-five days of service on counsel for Plaintiff: Justin Zeli-

kovitz, DCWageLaw, 519 H Street NW, Washington, DC 20001, justin@dcwagelaw.com.

## INSTRUCTIONS

1.    The following Requests are continuing in character. If you become aware of or acquire possession, custody, or control of additional documents that are responsive to these Requests, you shall promptly produce such additional documents to the Plaintiff's counsel.

2.    These Requests seek all information known or available to you, regardless of whether the information is possessed directly by the Defendant, or by officers, directors, agents, servants, employees, representatives, advisors, affiliates, subsidiaries, or predecessor companies.

3.    No part of a Request should be left unanswered merely because an objection is interposed as to another part of the Request. If a partial or incomplete answer is provided, then you shall state that the answer is partial or incomplete. If any of these Requests cannot be answered in full, it must be answered to the extent possible, specifying the reasons for your inability to answer the remainder and stating whatever information, knowledge, or belief you have with respect to the unanswered portion.

4. If in answering these Requests, you encounter any ambiguities when construing a question, instruction, or definition, you shall set forth the matter deemed ambiguous and the construction used in answering.

5. Pursuant to Super. Ct. Civ. R. 26(b)(5), where a claim of privilege is asserted in objecting to any request or part thereof, and information is not provided on the basis of such assertion:

    a) In asserting the privilege, the responding party shall, in the objection to the request, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed; and

    b) The following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information.

        1. the type of document;

        2. the general subject matter of the document;

        3. the date of the document; and

        4. such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

6. If any document otherwise responsive to these Requests is not produced because it was lost, destroyed, or discarded:

    a) identify the document by type, date, and title;

    b) identify the person who last had custody or control over the document;

    c) state the date on which the document was destroyed or was discovered to have been lost;

    d) if the document was destroyed, state why it was destroyed and identify the person(s) who destroyed it; and

    e) if the document was lost, describe the circumstances in which its loss was discovered, state the date that it was last seen or otherwise accounted for, and identify the person(s) who discovered its loss and who last saw or otherwise accounted for it.

2

## DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Superior Court Rules of Civil Procedure. As used in these Requests, the following terms are to be interpreted in accordance with these definitions:

1.      The present tense includes the past and future tenses. The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" means "including but not limited to" and "including without limitation." "All" means "any and all"; "any" means "any and all." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the genders.

2.      The term "you" shall mean the Defendant to whom these Requests are directed, including all its subsidiaries and affiliated persons and entities, and shall further include all officers, directors, employees, agents and representatives of the Defendant and any such related persons and entities.

3.      "Defendant(s)" means any of the Defendant(s) in this action, including all their subsidiaries and affiliated persons and entities, and shall further include all officers, directors, employees, agents and representatives of both the Defendant and any related persons and entities.

4.      As used herein, the terms "document" or "documents" are synonymous in meaning and equal in scope to the usage of the term "documents" in Super. Ct. Civ. R. 34(a) and include all documents or writings of any nature whatsoever. "Documents" means any written, recorded, electronically stored, or graphic matter, however produced or reproduced, and whether or not now in existence, and includes the original, all file copies, all other copies no matter how prepared, and all drafts prepared in connection with such documents, whether used or not. It further includes and is not limited to papers, books, records, catalogs, price lists, pamphlets, periodicals, letters, correspondence, emails, scrapbooks, notebooks, bulletins, circulars, forms, notices, postcards, telegrams, deposition transcripts, contacts, agreements, leases, reports, studies, working papers, charts, proposals, graphs, sketches, diagrams, indices, maps, analyses, statistical records, reports, results of investigations, reviews, ledgers, journals, calendar entries, balance sheets, accounts, books of accounts, invoices, vouchers, purchase orders, receipts, expense accounts, cancelled checks, bank checks, statements, sound and tape recordings, videotapes, audiotapes, memoranda (including any type or form of notes, memoranda or sound records of personal thoughts, recollections or reminders or of telephone or other conversations, or of acts activities, agreements, meetings, or conferences), photostats, microfilm, instruction lists or forms, computer printouts or other computer instruction lists or forms, computer printouts of other computer data, minutes of director or committee meetings, interoffice or intraoffice communications, diaries, calendar or desk pads, stenographers' notebooks, appointment books, and other papers or matters similar to any of the foregoing, however denominated, whether received by you or prepared by you for your own use or transmittal. If a document has been prepared in several copies, or additional copies have been made, and the copies are not identical (or which, by reason of subsequent modification or notation are no longer identical), each non-identical copy is a separate "document."

3

5.      "Statement" means any communication or utterance, whether oral or written, made by one person to another or in the presence of another, or any document delivered or sent from one person to another. The term "communication" means the transmittal of information by any means.

6.      The words "person(s)" and "entities" shall mean all individuals, groups, and organizations, including, without limitation, all individuals, sole proprietorships, associations, companies, partnerships, joint ventures, corporations, trusts, estates, and any agency of the government or investigative body of any kind.

7.      The terms "regard," "regarding," "relate to," and "relating to" mean consist of, refer to, pertain to, reflect, evidence, constitute, contain, describe, comment upon, or in any way logically or factually connected with the matter discussed. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

8.      Whenever a noun appears in these Requests, it shall be construed either to be singular or plural to bring within the scope of these discovery requests any information that may otherwise be construed to be outside their scope.

## REQUESTS FOR PRODUCTION

1.      Please provide all documents you have identified, relied upon, or otherwise mentioned in your answers to Plaintiff's Interrogatories to Busboys, Inc.

2.      Please provide a copy of your Articles of Incorporation and any amendments thereto.

3.      Please provide a copy of your Bylaws and any amendments thereto.

4.      Please provide a copy of any employee handbook or document that states or describes the policies, procedures, working conditions, and behavioral expectations that guided your employees.

5.      Please provide all documents that reference the hours and minutes Plaintiff worked at Busboys and Poets, including, but not limited to, any daily or weekly schedules, punch clock records, and timestamps.

6.      Please provide all documents that reference Plaintiff's earnings including, but not limited to, canceled checks, pay stubs, and account ledgers.

4

7.     Please provide a copy of all your business ledgers and payroll records between January 1, 2012 and November 30, 2017, dates inclusive.

8.     Please provide a copy of Plaintiff's employee file.

9.     Please provide all documents which discuss, reference, or cite Plaintiff's performance of his assigned work duties.

10.    Please provide all emails that concern Plaintiff or that reference Plaintiff by name.

11.    Please provide all letters that concern Plaintiff or that reference Plaintiff by name.

12.    Please provide all text messages that concern Plaintiff or that reference Plaintiff by name.

13.    Please provide all documents that reference any charge, investigation, or complaint of alleged wage and hour violations filed or made within the last five years against you, or against any of your owners or employees.

14.    Please provide any document that you intend to rely upon at trial.

Date: July 16, 2020                              Sincerely,

                                                 /s/ Justin Zelikovitz
                                                 JUSTIN ZELIKOVITZ, #986001
                                                 DCWAGELAW
                                                 519 H Street NW
                                                 Washington, DC 20001
                                                 Phone: (202) 803-6083
                                                 Fax: (202) 683-6102
                                                 justin@dcwagelaw.com

                                                 *Counsel for Plaintiff*

5

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2020, I sent via private process server a copy of Plaintiff's First Set of Requests for Production to Defendant Busboys, Inc.

Nicolas Wulff

6

# Exhibit B

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| *Plaintiff*, | |
| v. | Civil Action No. __-____ (RDM) |
| *Defendant*. | |

## STANDING ORDER IN CIVIL CASES

It is the responsibility of the parties, counsel and the Court to "secure the just, speedy, and inexpensive determination of every action and proceeding" in federal court. Fed. R. Civ. P. 1. To ensure that this case is resolved fairly and without undue cost or delay, it is hereby **ORDERED** that the parties comply with the following directives:

1. **Local Rules**

    Counsel shall familiarize themselves with the Local Civil Rules, which are available at http://www.dcd.uscourts.gov/court-info/local-rules-and-orders/local-rules. Absent order of the Court, the parties shall comply with the Local Civil Rules in all respects.

2. **Contact Information**

    All counsel shall ensure that their phone number, current mailing address, and email address are correctly listed on the Court's docket. *Pro se* parties shall ensure that their phone number, current mailing address, and email address are correctly listed on the Court's docket. Any counsel or *pro se* party whose contact information changes while this case is pending should immediately file a notice with their updated information. If the Court is unable to contact counsel or a *pro se* party due to a failure to comply with this requirement, the Court may dismiss the action for failure to prosecute or take other appropriate action.

3. **Service of Complaint & Standing Order; Removed Actions**

    a. <u>Service</u>. The plaintiff(s) must promptly serve the complaint on the defendant(s), in accordance with Federal Rule of Civil Procedure 4; file proof of service, in accordance with Local Civil Rule 5.3; and ensure that all parties receive a copy of this Standing Order. For *in forma pauperis* plaintiffs, "officers of the [C]ourt" will ensure that service on the defendant(s) is properly effected. *See* 28 U.S.C. § 1915(d).

b. <u>Removed Action</u>.  A defendant removing an action to this Court must refile as a supplement to the petition any answer and must promptly ensure that all parties receive a copy of this Standing Order.  Any pending motion at the time of removal must be refiled in this Court by the party seeking relief for the motion to be considered.  *See* Fed. R. Civ. P. 81(c)(2).  Counsel for the plaintiff shall promptly enter her appearance before this Court.

c. <u>Disclosure Certificate</u>.  To facilitate the Court's determination of the need for recusal, in all civil or agency actions where a corporation is a party or intervenor, counsel of record for that party or intervenor shall file, in accordance with Federal Rule of Civil Procedure 7.1 and Local Civil Rules 7.1 and 26.1, a certificate listing for that party or intervenor any parent corporation, subsidiary or affiliate, which to the knowledge of counsel has any outstanding securities in the hands of the public, or any publicly held corporation owning 10% or more of its stock. Such certificate shall be filed at the time of filing the party's first pleading.  Counsel shall have the continuing obligation to advise the Court of any change.

## 4.  Communications with Chambers

Except as authorized in this order, the parties may not contact chambers by telephone.  If extraordinary circumstances or emergencies so require, however, counsel may contact chambers <u>jointly</u> via telephone conference.  Chambers will not provide legal advice of any kind.

## 5.  Electronic Filing

a. <u>General Rule</u>.  All documents in this case are to be filed electronically, except with prior leave of the Court upon good cause shown, and in the case of the exceptions noted below.

b. <u>Format</u>.  All electronically filed documents are to be in Portable Data Format (.pdf). In order to enable the Court's efficient resolution of all matters in this case, all filings shall be submitted in text-searchable PDF files, directly converted from the word-processing format into PDF format so as to preserve searchability and readability. Exhibits that must be scanned because they exist only in paper format need not be directly converted from a word-processing program, but, if possible, should be submitted as text-searchable files using Optical Character Recognition ("OCR") technology, available in Adobe Acrobat.

c. *Pro Se* <u>Parties</u>.  In a case involving a *pro se* party, electronic filing procedures will be followed by parties represented by counsel only.  Absent separate order of the Court, the party appearing *pro se* shall continue to file documents in paper form with the Clerk's Office.  Parties represented by counsel must serve documents upon *pro se* parties in paper form.

d. <u>Timeliness</u>.  The Court may take into consideration technical difficulties experienced by a filer when presented a late filing.  However, parties who wait until the last minute to begin filing are warned that technical difficulties do not necessarily constitute "good cause" or "excusable neglect" justifying an extension of the

applicable deadline(s).  Fed. R. Civ. P. 6(b).  Further, no allowance can be made for late filing documents whose time limits are jurisdictional.

## 6. Courtesy Copies

For motions for which the total combined submissions from both parties, including exhibits, exceeds one hundred pages in total length or for any motion for summary judgment, the moving party shall deliver two printed courtesy copies of all of the motion papers *at the time the reply is filed*.  In the case of cross-motions, the initial moving party shall provide courtesy copies of the full set of briefing.  Such courtesy copies should include the headers added by the Case Management/Electronic Case Files (CM/ECF) System and be submitted in binders, three-hole punched, with double-sided pages.  Briefs and exhibits shall be tabbed and indexed for ease of reference.  Courtesy copies should be mailed to chambers, not the Clerk's Office.  If hand delivered, courtesy copies should be delivered to the loading dock for screening and should not be delivered directly to chambers.  If the parties have redacted or filed under seal any portion of the motion papers or attendant exhibits, courtesy copies are to be unredacted, but the portions redacted from public filings should be highlighted, so that the Court will know to refrain from quoting those passages in opinions and orders.  *Pro se* parties are excused from complying with the courtesy-copy requirement.

## 7. Amended Pleadings or Other Filings

Any amended or proposed amended pleadings or other filings must be accompanied by a redline comparison between the original and the amended filing or proposed amended filing.

## 8. Motions

The parties shall comply with the following instructions when briefing any motion. Motions filed not in compliance with this Standing Order may be rejected by the Court.

a. <u>Tables</u>.  Every memorandum of points and authorities that is ten pages or longer in length must contain a Table of Contents and Table of Authorities, regardless of whether it is filed in support of or in opposition to a motion.

b. <u>Signature</u>.  Every pleading or paper, regardless of whether it is signed by an attorney or a *pro se* party, shall contain the name, address, telephone number, and, for an attorney, bar identification number.  Where counsel is appearing *pro hac vice*, the signature block shall so indicate.

c. <u>Sur-Replies</u>.  A party may not file a sur-reply without first obtaining leave of the Court.  Sur-replies will only be permitted upon a specific showing of good cause.

d. <u>Supplemental Authorities</u>.  A party may bring supplemental authorities to the Court's attention without seeking prior leave of the Court, but should refrain from using the submission of supplemental authorities as an opportunity to reargue issues or to respond to arguments made in an opposing brief.  Although the submission of supplemental authorities should not be made by letter to the clerk, but rather in a

pleading filed in the usual manner, the parties are otherwise directed to follow the procedures set forth in Federal Rule of Appellate Procedure 28(j).

## 9. Motions to Dismiss

The parties are reminded that a motion to dismiss presenting matters outside the pleadings may be converted to a motion for summary judgment. Fed. R. Civ. P. 12(d). If a motion to dismiss presents matters outside the pleadings, all parties must comply fully will the instructions set forth below regarding motions for summary judgment.

## 10. Motions for Summary Judgment

Parties must comply with the following instructions when briefing motions for summary judgment:

a. <u>All Cases</u>

   i. If a party wishes to move for summary judgment, it must request that the Court schedule a pre-motion conference. To so request, the moving party shall submit a short notice via ECF, not to exceed six double-spaced pages in length, setting forth the basis for the anticipated motion, including the legal standards and the claims at issue. Other parties shall respond by filing, within one week, a document of similar length setting forth their anticipated responses to the proposed motion. The Court will review and discuss with counsel any anticipated summary judgment motions at the pre-motion conference. This requirement shall not apply to incarcerated pro se litigants.

b. <u>FOIA Cases</u>

   i. The agency shall provide search declarations and *Vaughn* indices, if any, to the requester prior to seeking a pre-motion conference.

c. <u>Cases Involving Judicial Review of Agency Action</u>

   i. In accordance with Local Civil Rule 7(h)(2), each motion for summary judgment, and opposition thereto, shall include a statement of facts with references to the administrative record. The parties must furnish precise citations to the portions of the administrative record on which they rely; the Court need not consider materials not specifically identified. *See* Fed. R. Civ. P. 56(c)(3).

   ii. In accordance with Local Civil Rule 7(n), the parties shall provide the Court with a <u>joint</u> appendix containing copies of those portions of the administrative record that are cited or otherwise relied upon in any memorandum in support of, or in opposition to, a motion for summary judgment. If the joint appendix exceeds one hundred pages, the parties shall provide two (2) printed courtesy copies to chambers, as described above.

    d. <u>Other Cases</u>

       i. The Court strictly adheres to the dictates of Local Civil Rule 7(h), which requires that each party submitting a motion for summary judgment attach a statement of material facts for which that party contends there is no genuine dispute, with specific citations to those portions of the record upon which the party relies in fashioning the statement. The party opposing the motion must, in turn, submit a statement enumerating all material facts which the party contends are genuinely disputed and thus require trial.

      ii. *The parties must furnish precise citations to the portions of the record on which they rely; the Court need not consider materials not specifically identified. See* Fed. R. Civ. P. 56(c)(3). Parties are directed to Section 14 of this Standing Order for citation conventions.

     iii. The moving party's statement of material facts shall be a short and concise statement, in numbered paragraphs, of all material facts as to which the moving party claims there is no genuine dispute. The statement must contain only one factual assertion in each numbered paragraph, and each factual assertion must include a precise citation to the relevant portion of the record.

     iv. The party responding to a statement of material facts must respond to each paragraph with a correspondingly numbered paragraph, indicating whether that paragraph is admitted or denied. If a paragraph is admitted only in part, the party must specifically identify which parts are admitted and which parts are denied.

      v. The Court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such facts are controverted in the statement filed in opposition to the motion and are supported by a precise citation to the controverting evidence. Local Civil Rule 7(h).

     vi. The responding party must include any information relevant to its response in its correspondingly numbered paragraph, with specific citations to the record. However, if the responding party has additional facts that are not directly relevant to its response, it must identify such facts in consecutively numbered paragraphs at the end of its responsive statement of facts. If additional factual allegations are made, the opponent must file a responsive statement of its own.

## 11. Motions for Reconsideration

Motions for reconsideration are strongly discouraged. The Court will not entertain a motion that (a) reasserts arguments previously raised and rejected by the Court or (b) raises for the first time arguments that should have been advanced in the original motion.

## 12. Motions for Extension of Time

Extensions or enlargements of time will only be granted upon motion, and not upon stipulation by the parties. Any party that intends to seek an extension must make a meaningful effort to ascertain the opposing party's position with respect to the extension

before filing a motion; an eleventh-hour telephone or email message left for opposing counsel, for example, will not typically satisfy the meet-and-confer requirement.  Absent extraordinary circumstances, contested motions for extension of time shall be filed at least three business days before the relevant deadline.  Motions for a continuance or other scheduling change must include alternative dates that have been agreed to by all parties.  Requests that do not include an alternative date acceptable to all parties may be denied.

## 13. Discovery Disputes

The Court expects the parties to follow Federal Rule of Civil Procedure 26 and Local Civil Rule 26.2.  Before bringing a discovery dispute to the Court's attention, the parties must confer in good faith in an attempt to resolve the dispute informally.  If the parties are unable to resolve the discovery dispute, they shall contact the Courtroom Deputy Clerk at (202) 354-3084 to arrange for a hearing with the Court.  The parties shall not file any motions relating to a discovery dispute without leave of the Court.

## 14. Citation Matters and Cited Authorities

Parties shall cite the U.S. Code rather than solely to a separately enumerated statute (e.g., "8 U.S.C. § 1182" or "8 U.S.C. § 1182, INA § 212" rather than "INA § 212").  Parties citing to unpublished cases or other materials available only on fee-based databases shall cite to Westlaw, not Lexis, wherever possible.  In cases involving *pro se* litigants, counsel shall, when serving a memorandum of law (or other submission to the Court), provide the *pro se* litigant with copies of cases or other authorities cited therein that are unpublished or reported exclusively on computerized databases.

All record citations, including to briefs, shall be to the **page number of the PDF file** that contains the cited material, not to any internal pagination within the document.  For previously filed materials, the parties must cite to the ECF-generated page numbers at the top of the documents (e.g., Dkt. 50 at 5).  For contemporaneously filed materials, each exhibit shall be filed as a separate exhibit on ECF and the parties shall cite to the page number of the relevant PDF file (e.g., Ex. B at 5).  If the document is organized by sections or numbered paragraphs, the parties shall provide the section or paragraph in a separate parenthetical (e.g., Dkt. 1 at 2 (Compl. ¶ 25)).  Absent leave of the Court, parties must file the entire exhibit on which they rely, not merely the portions the party deems relevant.

## 15. Settlement

The parties are expected to evaluate their respective cases for the purposes of settlement.  The Court encourages the use of alternative dispute resolution—e.g., mediation or neutral case evaluation.  The use of these methods is available at any time, as is a settlement conference before a magistrate judge.  If counsel are interested in pursuing these options,

they may contact Chambers at any time.  If the case settles in whole or in part, counsel shall promptly advise the Court.


/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  January 2, 2020

## APPENDIX 1:  SAMPLE STATEMENT OF UNDISPUTED MATERIAL FACT

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JANE DOE, | |
| *Plaintiff*, | |
| v. | Civil Action No. __-____ (RDM) |
| JOHN ROE, | |
| *Defendant*. | |

### DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACT:

1.      On December 5, 2019 at approximately 5:00 p.m. Plaintiff was in her car and was traveling eastbound on C St. NW, approaching the intersection with 3rd St. NW.  Ex. B at 24 (Doe Dep. 21:12–13) (date and time); *id.* at 27 (Doe Dep. 24:4–5) (location).

2.      At the time Plaintiff's car approached the intersection, the traffic light governing eastbound traffic on C St. at that intersection was red.  Ex. C at 10 (Roe Dep. 8:19–22).

## APPENDIX 2: SAMPLE RESPONSE TO STATEMENT OF UNDISPUTED MATERIAL FACT

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

JANE DOE,

        *Plaintiff*,

    v.

JOHN ROE,

        *Defendant*.

Civil Action No. __-____ (RDM)

## PLAINTIFF'S RESPONSE TO THE DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACT

1.      On December 5, 2019 at approximately 5:00 p.m. Plaintiff was in her car and was traveling eastbound on C St. NW, approaching the intersection with 3rd St. NW.  Ex. B at 24 (Doe Dep. 21:12–13) (date and time); *id.* at 27 (Doe Dep. 24:4–5) (location).

Plaintiff's Response: Undisputed.

2.      At the time Plaintiff's car approached the intersection, the traffic light governing eastbound traffic on C St. at that intersection was red.  Ex. C at 10 (Roe Dep. 8:19–22).

Plaintiff's Response:  Disputed in part.  The traffic light governing only left turns was red. Dkt. 51-3 at 12 (Roe Dep. 10:16–17).  At the time Plaintiff's car was approaching the intersection, the traffic light governing traffic proceeding through the intersection or turning right was turning from green to yellow.  *Id.* at 15 (Roe Dep. 13:2–3).